| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

VASHON ROGERS,
  Plaintiff.

*versus*            CASE NO. 9:23-CV-215

LELAND DUDEK,
ACTING COMMISSIONER OF SOCIAL
SECURITY,
  Defendant.

## ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

  The claimant, Vashon Rogers, requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). This action was referred to United States Magistrate Judge Zack Hawthorn for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. In a report issued on February 26, 2025, Judge Hawthorn concluded that the administrative law judge's decision contained no reversible error, was supported by substantial evidence, and therefore recommended affirming the Commissioner's denial of benefits. (Dkt. #13.)

  Rogers filed timely objections to the Report and Recommendation (Dkt. #14) and the Commissioner responded (Dkt. #15). A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

Rogers first objects to the magistrate judge's alleged failure to identify legal error in the ALJ's discussion of the evidence: "The [magistrate judge] took the ALJ's building materials and constructed the [logic] bridge for the ALJ. That was error…" (Dkt. #14, p. 3.) This argument merely reiterates Rogers' first point of error from his original brief, which the magistrate judge thoroughly addressed and correctly decided for the reasons stated in his report.

Next, Rogers objects that Judge Hawthorn applied an incorrect harmless error standard because he cited to an unpublished—and therefore not binding—Fifth Circuit case that is "inconsistent with the Fifth Circuit's earlier published decision and is not the law."[1] (Dkt. #14, p. 4.) Rogers contends that "[i]n the Fifth Circuit, harmless error exists when there is not a reasonable *possibility* the decision would have changed." (*Id.* at p. 5) (citing *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) (emphasis added); *cf. Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021) ("Harmless error occurs when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err."); *Frank v. Barnhart*, 326 F.3d 618, 622

---

[1] Rogers is correct that unpublished circuit opinions are not binding, but courts in the Eastern District of Texas generally follow unpublished Fifth Circuit decisions because they indicate how the Fifth Circuit might rule in a future, precedential opinion. *Stading v. Texas A&M Univ.-Texarkana*, No. 5:24-CV-00066-JRG-JBB, 2025 WL 748631, at *12 (E.D. Tex. Feb. 18, 2025), *R. & R. adopted*, No. 5:24-CV-00066-JRG-JBB, 2025 WL 744464 (E.D. Tex. Mar. 7, 2025); *see also Test Masters Educ. Servs., Inc. v. State Farm Lloyds*, 791 F.3d 561, 567 (5th Cir. 2015) (following an unpublished Fifth Circuit opinion as "persuasive authority" while acknowledging that the unpublished case was "not binding circuit precedent")).

(5th Cir. 2003) (per curiam) (same); *Tiede v. Dudek*, No. SA-24-CV-00888-ESC, 2025 WL 851076, at *2 (W.D. Tex. Mar. 14, 2025) (same).

Although Rogers contends that the magistrate judge applied an incorrect standard, he ignores the full record of authority cited to and relied upon by Judge Hawthorn:

> Generally, "[w]here ... the Secretary has [erred] in assessing the evidence, he must reconsider that denial." *Leidler v. Sullivan*, 885 F.2d 291, 294 (5th Cir. 1989). However, even assuming *arguendo* that Rogers is correct and the ALJ erred, remand is only appropriate if that error resulted in prejudice to the plaintiff. S*ee Shineski v. Sanders*, 556 U.S. 396, 407-08 (2009) (holding that doctrine of harmless error applies to administrative rulings); *Walker v. Kijakazi*, No. 23-60116, 2023 WL 7443302, at *4 (5th Cir. Nov. 9, 2023) (holding that the court need not decide plaintiff's point of error because he fails to show that any error prejudiced him); *Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773, at *3 (5th Cir. Jan. 18, 2023) (per curiam) (unpublished); *cf. Jones v. Astrue*, 691 F.3d 730, 734 (5th Cir. 2012) (finding insufficient showing of prejudice when claimant "offered no evidence that additional records … would have had an effect on the judgment"). "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021).

(Dkt. #13, p. 6.)  Although Rogers is correct that the Fifth Circuit's holding in Miller is not *binding*, it is *persuasive*.  Nevertheless, Judge Hawthorn relies on relevant and binding case law to support his recommendation.  Accordingly, the court overrules Rogers' objection that the wrong harmless error standard was applied.

In conclusion, as the magistrate judge correctly noted, Rogers does not cite to any *objective* evidence that demonstrates more restrictive handling limitations than those accounted for and discussed by the ALJ.  He relies on his own testimony and an impairment that "could" cause pain.  This is simply not enough to cast into doubt the evidentiary support of the ALJ's decision.  While Rogers may disagree with the result of the magistrate judge's determination, his objections amount to a request that the court reweigh the evidence and reach a different

3

conclusion, which is not a proper basis for reversal. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

Accordingly, the court **ADOPTS** the magistrate judge's recommendation (Dkt. #13), **OVERRULES** Rogers' objections (Dkt. #14), and **AFFIRMS** the Commissioner's denial of benefits. A final judgment will be entered in this case, in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 14th day of April, 2025.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE